IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                           ORDER

                 v.                              06-cr-106-bbc-02

TYLER J. WOHLUST,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Tyler J. Wohlust's supervised release was held on November 4, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Jeffrey M. Anderson. Defendant was present in person and by counsel Associate Federal Defender Kelly A. Welsh. Also present was U. S. Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 18, 2006, following his conviction for distribution of 5 grams or more of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. This offense is a Class B felony. Defendant was committed to the custody

of the Bureau of Prisons to serve a term of imprisonment of 49 months, with a 60-month term of supervised release to follow.  On March 13, 2008, defendant's term of imprisonment was reduced to 37 months' imprisonment.  All other provisions of the original judgment remained in effect.

Defendant began his term of supervised release on April 7, 2009.  On August 12, 2009, I modified the conditions of his release by adding Special Condition No. 5, requiring him to spend up to 180 days in a residential reentry center, to provide him time to establish a residence and employment.  The placement was also intended to provide for increased substance abuse testing and treatment.  Defendant was released from the center on February 24, 2010.

In March, April, May and June 2010, defendant violated Standard Condition No. 2 of his supervised release, requiring him to submit a complete written report within the first five days of each month, when he failed to submit reports for February, March, April and May 2010.  He also violated Standard Condition No. 2, requiring him to report to the probation office as directed, when he failed to report for scheduled appointments on May 3, 6, 7, and 18 and July 30, 2010.

On April 27, 2010, defendant violated Standard Condition No. 3, requiring him to answer truthfully all inquiries by the probation officer, when he falsely reported that the Hummer H2 sports utility vehicle he was driving belonged to his sister.

Defendant violated Standard Condition No. 5, requiring him to work regularly at lawful employment, as evidenced by the fact that during the period of his supervised release

he worked just one day during his supervised release at IKI before walking off the job on his own accord.

In April 2010, defendant violated Standard Condition No. 6, requiring him to notify the probation officer at least ten days before any change in residence, when he moved from the home of his grandmother, Eloise Herron, without notification.

On May 24, 2010, defendant violated Standard Condition No. 9, prohibiting him from associating with persons engaged in criminal activity or persons convicted of a felony, and Standard Condition No. 11, requiring him to notify the probation officer within 72 hours of being questioned by law enforcement.  On May 24, defendant was a passenger in a vehicle driven by convicted felon Carlos Hodges when Hodges was arrested for operating a vehicle with a revoked driver's license, possession of THC and outstanding warrants. Defendant was arrested on two outstanding City of Beloit municipal warrants.  Defendant did not have permission to associate with Hodges and he failed to notify his probation officer of his arrest.

On April 30, 2010, defendant violated Special Condition No. 4, requiring him to abstain from the use of illegal drugs and to participate in substance abuse treatment and testing, when he failed to report to Rock Valley Community Programs for a treatment session.  He violated this condition again on May 7, 2010, when he failed to report for a urinalysis and breath test.  On July 30, 2010, he provided a urine sample that tested positive for THC and he admitted that he had smoked marijuana on June 18, 2010.

Defendant's conduct falls into the category of a Grade C violation. Section

7B1.3(a)(2) of the advisory guidelines provides that the court may (A) revoke supervised release; or (B) extend the term of supervised release or modify the conditions of supervision, or both, upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline term of imprisonment range of 3 to 9 months. Under 18 U.S.C. §3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is three years.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines and taking into consideration defendant's refusal to work with his supervising probation officer, his repeated violations and his absconding, I have selected a sentence slightly above the guideline range. Such a sentence is reasonable and necessary to hold defendant accountable for his violations.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 18, 2006, and affirmed on March 13, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months. A 36-month period of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, including Special Condition No. 5,

requiring defendant to spend up to 180 days in a residential reentry center. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 5th day of November, 2010.

                              BY THE COURT:

                              /s/

                              BARBARA B. CRABB
                              Chief District Judge